PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COLLEEN F. COTTER, ) | |
| ) | CASE NO. 1:23CV0028 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MARTIN J. O'MALLEY,[1] ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF No. 16] |

An Administrative Law Judge ("ALJ") denied Plaintiff Colleen F. Cotter's application for disability insurance benefits ("DIB") after a hearing in the above-captioned case.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Darrell A. Clay for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report and Recommendation (ECF No. 15) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards. The magistrate judge recommends the Commissioner's decision denying benefits be affirmed. For the reasons given below, the undersigned agrees.

---

[1] Kilolo Kijakazi was the original Defendant.  He was sued in an official capacity as a public officer.  On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security.  Pursuant to Fed. R. Civ. P. 25(d), O'Malley's name has been automatically substituted as a party.

(1:23CV0028)

## I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th

2

(1:23CV0028)

Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

**II.**

The Court has reviewed the Report and Recommendation (ECF No. 15) *de novo*. The Court has also considered Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 16) and Defendant's Response (ECF No. 17). Plaintiff requests that the Court remand the case to the Commissioner for further proceedings to determine if based on the combination of Plaintiff's impairment related symptoms, she was capable of engaging in substantial gainful activity on a full-time and sustained basis. *See* ECF No. 16 at PageID #: 971.

3

(1:23CV0028)

Plaintiff claims she is disabled due to a severe impairment of degenerative disc disease of the cervical spine, status-post anterior cervical discectomy and fusion of C5-C6 and C6-C7. The magistrate judge recommends that the Court affirm the final decision of the Commissioner denying Plaintiff's application for DIB; and deny Plaintiff's request for remand. After carefully reviewing the law, the parties' arguments, and the evidence of record, the Court concludes that the ALJ correctly assessed the proffered evidence and correctly applied the law to that evidence.

### III.

Plaintiff objects to the finding of the magistrate judge that the ALJ did not err in his analysis of Dominic Haynesworth, M.D.'s opinion and was not required to include his opined limitations in the residual functional capacity ("RFC") determination. The ALJ found that Dr. Haynesworth had limited Plaintiff to less than a full range of sedentary work. *See* Transcript ([ECF No. 8](#)) at PageID #: 61 (citing PageID #: 498-501). The ALJ noted, however, that the opinion of Dr. Haynesworth was authored a week after Plaintiff's September 1, 2021 cervical spine surgery and the general surgeon would not have known if the surgery was effective at alleviating her pain and/or radicular symptoms. *See* [ECF No. 8 at PageID #: 61](#). Plaintiff argues the finding in the Report and Recommendation that the ALJ properly evaluated and considered the opinion of her "treating source," [ECF No. 15 at PageID #: 958-62](#), is factually and legally incorrect. According to Plaintiff, "the evidence established that the ALJ's opinion taken as a whole failed to establish that the opinion of Dr. Haynesworth was only partially supported by and consistent with the remainder of the evidence." [ECF No. 16 at PageID #: 969](#).

Plaintiff contends the ALJ failed to include any limitations in the RFC regarding her neck pain and issues with her hand and arm accompanied by numbness and weakness in her upper

4

(1:23CV0028)

extremities. She claims this failure was contrary to the evidence and established that the ALJ's RFC was not supported by substantial evidence necessitating a remand.

An ALJ is charged with determining a claimant's RFC based on all the relevant evidence in the claimant's record. *See* 20 C.F.R. §§ 404.1545(a)(1); 404.1546(c); *Poe v. Comm'r of Soc. Sec.*, 342 Fed.Appx. 149, 157 (6th Cir. 2009). That includes medical opinion evidence. Consistent with the regulations, the ALJ in the case at bar evaluated the evidence and assessed Plaintiff's RFC, finding that she had the physical RFC to perform light work with additional limitations of: "occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, crouch and crawl; frequently reach with the bilateral upper extremities; restricted from hazards, such as unprotected heights or machinery, but is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles; and frequently handle with the right upper extremity." ECF No. 8 at PageID #: 58.

The Social Security Administration's regulations for evaluating medical opinion evidence require ALJs to evaluate the "persuasiveness" of medical opinions "using the factors listed in paragraphs (c)(1) through (c)(5)" of the regulation. 20 C.F.R. § 404.1520c(a); *see Jones v. Comm'r of Soc. Sec.*, No. 3:19CV1102, 2020 WL 1703735, at *2 (N.D. Ohio April 8, 2020). The five factors to be considered are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). ALJs must explain how they considered consistency and supportability, but need not explain how they considered the other factors. 20 C.F.R. § 404.1520c(b)(2). The Court agrees with the magistrate judge that the ALJ explained his consideration of the supportability and consistency factors when determining that

5

(1:23CV0028)

Dr. Haynesworth's medical opinion was partially persuasive. *See* ECF No. 15 at PageID #: 961.

Ultimately, the ALJ's RFC determination in the present case was sufficiently supported by the objective evidence and medical opinions. Given the body of evidence in the record and the ALJ's thorough consideration of that evidence, the Court cannot find that the ALJ's evaluation of the medical opinion evidence or the RFC lacked the support of substantial evidence.

### IV.

Accordingly, Plaintiff's Objections (ECF No. 16) are overruled. The Report and Recommendation (ECF No. 15) is adopted. The decision of the Commissioner of Social Security is affirmed. Judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

| | |
|---|---|
|   March 25, 2024 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |